**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: September 8, 2021
Date Decided: September 8, 2021

Jody C. Barillare
Morgan, Lewis & Bockius LLP
1201 North Market Street, Suite 2201
Wilmington, Delaware 19801

David H. Holloway
Shlansky Law Group, LLP
1504 N. Broom Street
Wilmington, Delaware 19806

RE: *Edward Deane, et al. v. Robert Maginn, Jr.*
C.A. No. 2017-0346-LWW

Dear Counsel:

I have reviewed the briefing on Defendant's Rule 26(c) Motion for a

Protective Order Staying Discovery Pending Resolution of the Motion to Dismiss.

For the reasons explained below, the motion is denied.[1]

Court of Chancery Rule 26(c) empowers this court to impose a stay of

discovery.[2] A stay of discovery pending a dispositive motion is not automatic but

---

[1] In opposing the defendant's motion, the plaintiffs asserted a "Cross-Motion to Compel Discovery." Dkt. 120. That motion was procedurally unnecessary when opposing the defendant's motion alone would have sufficed. The plaintiffs' motion did not include a form of proposed order and does not seem to seek relief beyond the denial of the defendant's motion. Technically speaking, by declining to stay discovery, I am granting the relief sought by the motion to compel.

[2] Ct. Ch. R. 26(c) ("Upon motion by a party . . . and for good cause shown, the Court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including 1 or more of the following: (1) That the discovery not be had . . . .").

rests within the discretion of this court.[3]  As the moving party, the defendant bears the burden of demonstrating that a stay is warranted.[4]

The defendant asserts that a stay of discovery pending my decision on his Motion to Dismiss Plaintiffs' First Amended Complaint will promote efficiency and prevent the unnecessary burden and expense of discovery in the event that I dismiss this action.[5]  Ordinarily, that might be an adequate basis to justify a stay of discovery.  This court often stays discovery during the pendency of a dispositive motion to prevent what may ultimately be unnecessary discovery.[6]

A stay may not be appropriate despite a pending dispositive motion, however, in a number of circumstances.  In *In re McCrory Parent Corp.*, Chancellor Allen gave several examples of the types of "special circumstances" that could justify the denial of a stay of discovery.[7]  They include: (1) where the

---

[3] *Orloff v. Shulman*, 2005 WL 333240, at *1 (Del. Ch. Feb. 2, 2005) ("There is no right to [a] stay of discovery, even where a case dispositive motion has been filed."); *In re Yahoo! Inc. S'holders Litig.*, 2008 WL 2721800, at *1 (Del. Ch. July 11, 2008).

[4] *Orloff*, 2005 WL 333240, at *1 (citing *Pensionskasse der ASCOOP v. Random Intern. Hldg, Ltd.*, 1993 WL 35977, at *1 (Del. Ch. Jan. 26, 1993)).

[5] Dkt. 118.

[6] *See, e.g.*, *In re KKR Fin. Hldgs. LLC S'holder Litig.*, 2014 WL 2090527, at *1 (Del. Ch. May 19, 2014) ("[A]voiding unnecessary discovery is usually sufficient justification for a stay pending resolution of a potentially dispositive motion." (citing *TravelCenters of Am. LLC v. Brog*, 2008 WL 5101619, at *1 (Del. Ch. Nov. 21, 2008))).

[7] 1991 WL 137145, at *1 (Del. Ch. July 3, 1991).

dispositive motion does not offer a "reasonable expectation" of avoiding further litigation; (2) where the plaintiff has sought interim relief; and (3) where the plaintiff will be prejudiced because "information may be unavailable later."[8]

None of those situations is present here. With respect to the first circumstance, I need only consider whether the motion to dismiss has the *potential* to dispose of the entire case if the defendant prevails.[9] That potential is obvious given that the motion seeks dismissal of all claims on multiple grounds. I will not, however, assess the merits of the defendant's motion to dismiss in deciding the present motion—though the defendant makes several merits-based arguments in advocating for a stay. As to the other circumstances outlined in *McCrory*, the plaintiffs have not requested interim relief and there is no reason to suspect that the relevant discovery will become unavailable during the time that the motion to dismiss will be adjudicated.

---

[8] *Id.*

[9] *Soo Hyun Kim v. Coupang, LLC*, 2021 WL 222162, at *1 (Del. Ch. Jan. 22, 2021) ("But whether *vel non* the Motion to Dismiss will be granted or denied is not the question on this Motion. The question, instead, is whether the Motion to Dismiss, *if successful*, will avoid the need for further litigation.").

But that is not the end of the inquiry. The three "special circumstances" Chancellor Allen discussed are not an exhaustive list.[10] Rather, the court must consider the "twin goals" of efficiency and fairness.[11] It would be more efficient to stay discovery given the possibility that the defendant's motion to dismiss will be case dispositive. Fairness to the plaintiffs, however, weighs against a stay.[12] The unique circumstances of this case give rise to a threat of injury to the plaintiffs if discovery is stayed entirely and the motion to dismiss is denied. That risk of harm outweighs the potential waste of resources that may occur if discovery takes place and the case is subsequently dismissed.[13] In my view, the interests of justice will be promoted by declining to defer discovery until the motion to dismiss is resolved.

---

[10] *See Electra Inv. Tr. PLC v. Crews*, 1999 WL 1204844, at *2 (Del. Ch. Nov. 30, 1999) (noting that the "loose three-part test" described in *McCrory* was "by no means exclusive or exhaustive").

[11] *McCrory*, 1991 WL 137145, at *1.

[12] *See Pensionskasse*, 1993 WL 35977, at *1 (explaining that a stay "should not . . . be granted automatically but carefully only when plaintiff will not be prejudiced thereby and defendant may, if it prevails on its [case-dispositive] motion, be spared the expense involved in responding to the discovery" (quoting *Schick, Inc. v. Amalgamated Clothing & Textile Workers Union*, C.A. No. 9066, slip op. at 2 (Del. Ch. June 18, 1987))).

[13] *See McCrory*, 1991 WL 137145, at *1 (explaining that "in each instance, the court must make a particularized judgment evaluating the weight that efficiency should be afforded . . . and the significance of any risk of injury to the plaintiff that might eventuate from a stay").

There are several reasons for that conclusion. First, if the court were to take the full amount of time afforded it to decide the defendant's motion to dismiss and stay discovery during that time, the plaintiffs would have less than a month (at most) to conduct fact discovery. That compressed time frame could be highly prejudicial to the plaintiffs and contrary to the schedule the parties negotiated.

Second, the risk of prejudice to the plaintiffs is compounded by the defendant waiting nearly a month after filing his motion to dismiss brief (and after the plaintiffs served their discovery requests and the defendant served pages of objections) to seek a stay of discovery. In the interim, the defendant has effectively granted himself a discovery stay and refused to produce any documents.[14] The defendant claims that it was "only after Defendant saw the absence of any serious opposition to dismissal" in the plaintiffs' opposition brief that it "objected to discovery going forward at all."[15] But the defendant's views on the merits of the plaintiffs' legal arguments are hardly a proper basis to refuse to engage in discovery.

Third, to stay discovery pending my decision on the motion to dismiss would risk further delay in a case where the parties have repeatedly been

---

[14] *See* Dkt. 120, Holloway Aff. ¶ 6.

[15] Dkt. 122 ¶ 7.

admonished to maintain a schedule.[16]  In ensuring that the defendant had a fair opportunity to move to dismiss the plaintiffs' eleventh-hour amendment to their complaint, I expressed a view that the parties would need to "press ahead with some discovery at the same time as the motion to dismiss" and that I did not "envision[] holding off on discovery entirely until after I decide the motion to dismiss."[17]  I see no basis to deviate from that view now.  The defendant was given ample time to brief his motion in this non-expedited case but, to maintain the schedule the parties agreed to, discovery must proceed in tandem.

Fourth, and perhaps most importantly, the defendant is not without recourse if the plaintiffs' discovery requests impose an undue burden.  The plaintiffs' counsel previously told this court that—should their motion to amend be granted—they would not "seek extensive additional discovery."[18]  The plaintiffs' counsel also said that several categories of their additional discovery requests sought documents that would also be responsive to their prior document requests.[19]  The court expects that the plaintiffs will abide by those statements and be reasonably

---

[16] *E.g.*, Dkt. 76 at 17.

[17] Dkt. 111 at 7, 9.

[18] Dkt. 91 at 2; *see also* Dkt. 100 at 9 (stating that "[discovery] would be very expedited").

[19] Dkt. 91 at 2.

targeted in negotiating the scope of discovery necessary to their recently-pleaded claims. If the plaintiffs overreach (by requesting documents spanning a 21-year date range, for example) and the parties are at an impasse after appropriately meeting and conferring, the defendant has the right to seek a protective order. A wholesale stay of discovery, however, is inappropriate.

For these reasons, I conclude that the court should exercise its discretion to deny the motion to stay. Discovery will proceed pursuant to the June 24, 2021 scheduling order. Given this ruling, argument on the motion to stay is unnecessary. The hearing scheduled for September 9, 2021 will proceed only on the motion to dismiss.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

LWW/dmh